UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| YOSBER I.M.C.,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *United States Attorney General*;<br><br>KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;<br><br>TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; and<br><br>DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*;<br><br>Respondents. | Civil No. 26-489 (JRT/DLM)<br><br><br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

---

Emily Curran, **HOUSING JUSTICE CENTER**, Northwestern Building, 275 East Fourth Street, #590, St. Paul, MN 55101, for Petitioner.

Trevor Brown, Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Yosber I.M.C. is a citizen of Venezuela and a resident of Eagan, Minnesota. He was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 20, 2026. He filed a petition for a writ of habeas corpus that day, arguing that he is being detained unlawfully. Because the Court concludes that

Petitioner's detention is unlawful, the Court will grant the petition for habeas corpus and order that he be immediately returned to Minnesota and released from custody.

## BACKGROUND

Petitioner is a citizen of Venezuela and resident of Eagan, Minnesota, who has been present in the United States since 2022. (Verified Pet. Writ Habeas Corpus ("Pet.") ¶ 7, Jan. 20, 2026, Docket No. 1.) He lives with his partner and his six-year-old daughter, and he is employed by a landscaping company. (*Id.* ¶ 14.) He is not subject to a final order of removal. (*Id.* ¶ 13.) After Petitioner attended an appointment regarding his pending asylum application on January 20, 2026, he was arrested and detained by ICE without a warrant and without apparent justification. (*Id.* ¶ 15.)

Petitioner filed a petition for a writ of habeas corpus that same day. (Docket No. 1.) The next day, January 21, 2026, the Court entered an Order enjoining Respondents from moving Petitioner outside of Minnesota until the Court ruled on the pending habeas petition. (Order, Jan. 21, 2026, Docket No. 4.) Nevertheless, the Court has reason to believe that Petitioner is presently detained in El Paso, Texas. (*See* Mot. for Order to Show Cause, Jan. 22, 2026, Docket No. 5.)

## DISCUSSION

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). However, Respondents informed the Court that "ICE has been unable to provide the Federal Respondents' undersigned counsel" with any documents, exhibits, or affidavits necessary to establish the lawfulness of Petitioner's detention. (Response,

Jan. 24, 2026, Docket No. 7.)  Respondents therefore concede that "only the standard arguments for § 1225/§ 1226 cases are available." (*Id.*)  The Court has repeatedly rejected the Government's asserted basis for detaining Petitioner under § 1225. *See, e.g.*, *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025).  Accordingly, the Court concludes that Respondents have arrested and detained Petitioner unlawfully.

The Court therefore turns to the proper remedy.  In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy.  However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court notes, and shares, the concerns of Petitioner's counsel related to Petitioner's abrupt transfer out of the state.  It is unclear from the information available to the Court whether the transfer occurred before, or after, the Court expressly directed Respondents not to transport Petitioner outside the District of Minnesota.  But what **is**

clear is that Petitioner's transfer obstructed his ability to communicate with counsel and with his family—and if Petitioner's transfer did take place after this Court's order, it would not be the first time Respondents have engaged in such conduct before this Court. The Court is also deeply troubled by the report from Petitioner's counsel that, while in custody, "ICE agents have attempted to coerce [Petitioner] into signing away his personal effects, and potentially other rights, without the opportunity for legal consultation." (Reply at 2, Jan. 25, 2026, Docket No. 8.) In light of these concerns, the Court will grant Petitioner's request to order Respondents to comply with additional requirements relating to Petitioner's release

The Court will grant the petition for writ of habeas corpus, and order that Petitioner be returned to Minnesota immediately and released from custody.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Yosber I.M.C.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, he is not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

    d. Respondents must release Petitioner with all personal documents, such as driver's licenses, passports, or immigration documents, and without conditions such as location tracking devices.

    e. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 2, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Petitioner's Emergency Motion for Order to Show Cause (Docket No. [5]) is **GRANTED IN PART** in that Respondents must comply with the directions above, including filing a status report with the Court confirming compliance with the conditions of Petitioner's release.

DATED: January 29, 2025  
at Minneapolis, Minnesota.  
Time: 5:23 p.m.

                                     JOHN R. TUNHEIM  
                                     United States District Judge